FILED & ENTERED

FEB 23 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY natan    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 1:09-bk-15514-MT |
| Patricia Lea Behrens, | Adversary No.: 1:09-ap-01426-MT |
| | Chapter: 11 |
| | **MEMORANDUM OF OPINION** |
| Debtor(s), | **RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Sergik Vartazarian | |
| Plaintiff(s), | Date: January 20, 2010 |
| Vs. | Time: 11:00 am |
| | Location: Courtroom 302 |
| Patricia Lea Behrens, Richard John Behrens | |
| Defendant(s). | |

**I.    Background**

On January 28, 1998, Richard Behrens ("Mr. Behrens"), ex-husband of the defendant, filed an action, on behalf of Sarkis Sayandian, against Sergik Vartazarian ("Vartazarian"). (Defendant's Request for Judicial Notice Ex. 1). On March 3, 2000, Vartazarian filed an action for malicious prosecution against Mr. Behrens, Law Office of Richard Behrens, David White, Steven Staszower, and Jacobson, White, Diamond & Bordy, (Defendant's Request for Judicial Notice Ex. 2). On May 12, 2000, the Clerk entered the default of Richard Behrens. (Defendant's Request for Judicial Notice Ex. 3). On May 16, 2000, Varazarinan filed an amended proof of service. This proof of service indicated that Vartazarian served Mr. Behrens.

- 1

(Defendant's Request for Judicial Notice Ex 14). On November 29, 2000, Patricia Lea Behrens ("Ms. Behrens") recorded a quit-claim deed. This quit claim deed purported to transfer all of Mr. Behrens' interest in the property, located at 5151 Rubio Avenue, Encino, CA 91346 ("the property") to Ms. Behrens. On December 1, 2000, Mr. & Ms. Behrens legally separated. (Defendant's Request for Judicial Notice. Ex. 6).

On May 9, 2001, the state court granted Vartazarian, in his malicious prosecution action, a default judgment against Mr. Behrens. The court granted damages in the amount of $360,000. (Plaintiff's request for Judicial Notice Ex. G). On May 9, 2001, Ms. Behrens filed for divorce. (Defendant's Request for Judicial Notice Ex. 6). On March 12, 2002, Vartazarian sought and obtained an abstract of judgment against Mr. Behrens' property. On December 20, 2002, the state bar suspended Mr. Behrens. (Dec. of Vartazarian Ex. P & ¶7).Vartazarian believed that Mr. Behrens did not pay a $750 judgment against him. Vartazarian believed that this failure to pay this small judgment indicated that Mr. Behrens did not have property to pay the larger judgment. (Vartazarian Dec. ¶8).

On January 9, 2004, the state court entered a stipulated judgment in the Behrens' divorce case. (Defendant's Request for Judicial Notice Ex. 6). On April 12, 2006, Mr. Behrens filed a motion, in the malicious prosecution action, to lift the default judgment. The court denied the motion (Defendant's Exhibit 15). On October 12, 2007, more than seven years after Ms. Behrens recorded the quitclaim deed, Vartazarian filed a complaint against Mr. & Ms. Behrens to declare the transfer of the property to Ms. Behrens a fraudulent conveyance. (Defendant's Request for Judicial Notice Ex. 10). Ms. Behrens moved for and received judgment on the pleadings. (Defendant's Request for Judicial Notice Ex. 12). On April 9, 2008, Vartazarian filed a first amended complaint. The state court denied Ms. Behrens motion for judgment on the pleadings. (Cho Dec. ¶3). On May 10, 2009, Ms. Behrens filed bankruptcy and subsequently removed the fraudulent conveyance proceeding to this court.  On October 27, 2009, Ms. Behrens brought a motion for summary judgment. Ms. Behrens, in her motion, argues that plaintiff's claim is barred by the statue of limitations, that Ms. Behrens is not estopped from litigating the validity of the Vartazarian's judgment against Mr. Behrens, and that there is no evidence of a fraudulent transfer.

## II. Law

### A. Summary Judgment Standard

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FRCP 56(c) (incorporated by FRBP 7056).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial.  *Id*. at 324.  The court must view the evidence in the light most favorable to the nonmoving party.  *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir.1982).  All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party.  *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976).  The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Valadingham v. Bojorquez*, 886 F.2d 1135, 1137 (9th Cir.1989).  Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Insurance Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir.1981).

### B. Statute of Limitations

An action for common law fraud must be brought within three years of the alleged fraud[1] or within three years of the plaintiff discovering the fraud. Cal. Code Civ. Proc. §338(d). The normal rule is that a plaintiff must bring a cause of action for fraud within three years of the fraud occurring. *Hobart v. Hobart Estate Co.*, 26 Cal.2d 412, 437 (1945). A plaintiff may bring an action for fraud after the three years if the plaintiff can establish facts showing: "'(a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence

---

[1] When an alleged fraudulent transfer occurs during an action to liquidate an underlying claim, the three year period begins to run upon the entry of judgment in the underlying action. *Cortz v. Vogt* 52 Cal.App.4th 917, 931-932 (1997).

- 3 -

the facts could not have been discovered at an earlier date). (c) How and when [s]he did actually discover the fraud or mistake.'" *Parsons v. Tickner*, 31 Cal.App.4th 1513, 1525 (1995) *quoting* 3 Witkin, Cal. Procedure, *supra*, Actions, § 454, pp. 484-485. Under this rule constructive and presumed notice or knowledge are equivalent to knowledge. So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to [her] investigation (such as public records or corporation books), the statute commences to run.'" *Id.*

**III Analysis**

Even if all of the facts are viewed in the light most favorable to the plaintiff, this court cannot find that Vartizarian met his burden to establish facts showing that he had lack of means of obtaining knowledge. Specifically, Mr. & Ms. Behrens recorded a quitclaim deed in November of 2000. Thus, the deed was in the public record when Vartizarian recorded an abstract of judgment. Vartizarian, if he ran a title search, would have discovered the deed when he recorded his judgment. Vartizarian, however, did not run a title search, or conduct a debtor's examination. A reasonably prudent person, in a similar situation, would have taken some step to investigate Mr. Behrens property, especially if they took the time to record an abstract of judgment.

Vartizarian argues that this court should not grant summary judgment because the deed, pursuant to California Civil Code §1213, only provides constructive notice to subsequent purchasers of the property, not judgment creditors. Further, Vartizarian argues that up until Mr. Behrens moved to vacate Vartizarian's default judgment Vartizarian had no idea of the conveyance to Ms. Behrens. This argument goes too far. While it is true that a recorded deed does not provide constructive notice to judgment creditors, a reasonable judgment creditor, recording an abstract of judgment would at least conduct a title search at the time of judgment or attempt to execute on the abstract of judgment. Also, California case law does not support this liberal interpretation of the delayed discovery rule. California courts generally do not apply the delayed discovery rule when the defendant made no affirmative misrepresentation to the plaintiff and the public record contained information that would have put the defendant on notice of the transfer. *See Parsons v. Tickner*, 31 Cal.App.4th 1513, 1525 (1995)(finding that

courts apply the delayed discovery rule if (1) the fraud is hard to discover or (2) the defendant has a confidential or fiduciary relationship with the creditor). California courts have applied the delayed discovery rule to cases involving a recorded conveyance but the facts of those cases differ substantially from the facts at issue in this case.

In *Adams v. Bell*, the California Supreme Court found that the delayed discovery rule applied in to a case where the defendant transferred property to her son and recorded the transfer while she was being sued by plaintiff. 5 Cal. 2d 697, 699 (1936). The judgment creditor in that case, however, did not sit on her rights. Specifically, the judgment creditor, immediately after obtaining his judgment, attempted to execute on her abstract of judgment. The judgment debtor, however, sued to quash the writ. *Id*. Resolving that suit and related appeals took more than three years. Therefore, because the writ had not been returned unsatisfied, the judgment creditor did not have knowledge of the transfer until the writ was returned. *Id*. at 703.

In *Nevada Irrigation District v. Jones* a California appellate court found that the delayed discovery rule applied when a judgment debtor, post suit and pre judgment, purchased land and recorded the deed. 69 Cal. App. 2d 262 (1945). On the deed, the debtor listed himself as the trustee and listed his daughter as the beneficiary. *Id*. at 977-978. The court found that recording a deed listing a judgment debtor as trustee did not put a judgment creditor on notice that the debtor had a beneficial interest in property. *Id*. In dicta, the court mentioned that properly recording a transfer might put a judgment creditor on notice of the transfer. *Id*. Unlike *Jones*, the Behrens correctly recorded the deed and Vartizarian would have located the deed and Ms. Behrens' ownership interest in the chain of title.

//
//
//
//
//
///

- 5 -

Thus, even when all of the facts are viewed in the light most favorable to Vartizarian, Vartizarian did not meet his burden to show that he had a lack of means of obtaining knowledge of the transfer. The undisputed facts show that he waited until after the statute of limitations ran before filing this action.  There are inadequate countervailing facts even when reasonable inferences are made to deny movant the repose the statute of limitations is intended to afford her.

*[signature: Maureen A. Tighe]*

DATED: February 23, 2010

United States Bankruptcy Judge

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OF OPINION**

**RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- James A Dumas    jamedumas@aol.com
- Paul J Laurin    plaurin@rutterhobbs.com, calendar@rutterhobbs.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Stuart J Wald    stuart.wald@gmail.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Wilkie Cheong
Cheong, Denove, Rowell & Bennett
10100 Santa Monica Blvd Ste 2460
Los Angeles, CA 90067

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page